# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY M. HAYES,<br><br>    Plaintiff,<br><br>vs.<br><br>BOLEN, et al.,<br><br>    Defendants. | 1:12cv00469 LJO DLB PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION TO DISMISS<br><br>(Document 17) |

      Plaintiff Henry M. Hayes ("Plaintiff"), a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 12, 2012. On February 27, 2013, the Court issued a screening order finding a cognizable First Amendment claim against Defendants Seifert and Bolen. The Court ordered Plaintiff to either file an amended complaint or notify the Court of his willingness to proceed on the cognizable claim. On March 29, 2013, Plaintiff notified the Court that he wished to proceed on the First Amendment claim against Defendants Seifert and Bolen. Accordingly, on April 3, 2013, the Court dismissed the remaining claims and Defendants.

      On May 24, 2013, Defendants Seifert and Bolen filed this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed his opposition on June 10, 2013, and

Defendants filed their reply on June 24, 2013. The motion is deemed submitted pursuant to Local Rule 230(l).

## I. LEGAL STANDARD

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)) (quotation marks omitted); Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Huynh v. Chase Manhattan Bank, 465 F.3d 992, 996-97 (9th Cir. 2006); Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000). Further, although the pleading standard is now higher, the Ninth Circuit has continued to emphasize that prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. May 25, 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).

## II. ALLEGATIONS IN PLAINTIFF'S COMPLAINT

As noted above, the Court has already screened this action and found a cognizable claim against Defendants Bolen and Seifert. Accordingly, as all other claims and Defendants have been dismissed, the Court will summarize only the relevant allegations.

Plaintiff is currently incarcerated at California State Prison, Lancaster. The events occurred while Plaintiff was incarcerated at California State Prison, Corcoran.

Plaintiff alleges that on August 23, 2011, Defendant Bolen sent him a Notification of Disapproval, informing him that an incoming package was seized pursuant to California Code of

Regulations Title 15, section 3134(a)(11) because it exceeded 16 ounces. Plaintiff contends that Defendant Seifert gave the authority to disallow the package. Plaintiff's package was a total of 36 ounces.

Plaintiff proceeded through the inmate appeal process, contending that section 3134(a)(11) "has no relation to a restriction on the weight of an incoming mail/package item." Compl. 3. Plaintiff argued that subdivision (11) is "restrictive only to a mail/package that has more than Forty postage stamps, or a Photo album enclosed within it." Compl. 3. Plaintiff believed that the mailroom was reading the regulation too broadly, contending that it "gives direction for how many stamps are needed to satisfy an outgoing first-class letter sent out by an inmate….The items for enclosure can weight [sic] more than 16 ounces." Compl. 3. Alternatively, Plaintiff argued that pursuant to section 3136, disapproval of inmate mail is based only on criteria established in section 3006 (Contraband) and section 3135 (Disturbing or Offensive Correspondence).

During his appeal, Plaintiff also argued that the prohibition of incoming general mail based on a weight limit is unlawful censorship. Plaintiff's appeal was denied at all levels. At the Third Level of Review, the Appeals Examiner explained that Plaintiff was unacquainted with institutional security needs, and his claim that there were no potential risks/complications with inmates receiving unrestricted weight in mail was misguided.

### III.   DISCUSSION

The Court screened this complaint in a reasoned decision dated February 27, 2013. In bringing this motion, Defendants wholly fail to acknowledge the Court's prior finding, a finding that was premised upon the same legal standards as this 12(b)(6) motion. 28 U.S.C. § 1915A; Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).

A screening order may not ignored or disregarded. Ingle v. Circuit City, 408 F.3d 592, 594 (9th Cir. 2005). To the contrary, the existence of a screening order which utilized the same legal standard upon which a subsequent motion to dismiss relies necessarily implicates the law of the case doctrine. As a result, the moving party is expected to articulate the grounds for the 12(b)(6) motion in light of a screening order finding the complaint stated a claim. Ingle, 408 F.3d at 594; Thomas v. Hickman, 2008 WL 2233566, *2-3 (E.D. Cal. 2008).

In this regard, this Court recently explained:

> If the defendants in a case which has been screened believe there is a good faith basis for revisiting a prior determination made in a screening order, they must identify the basis for their motion, be it error, an intervening change in the law, or some other recognized exception to the law of the case doctrine. Ingle, 408 F.3d at 594 ("A district court abuses its discretion in applying the law of the case doctrine only if (1) the first decision was clearly erroneous; (2) an intervening change in the law occurred; (3) the evidence on remand was substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result."). The duty of good faith and candor requires as much, and frivolous motions which serve only to unnecessarily multiply the proceedings may subject the moving parties to sanctions. Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc., 210 F.3d 1112, 1119 (9th Cir. 2000). Parties are not entitled to a gratuitous second bite at the apple at the expense of judicial resources and in disregard of court orders. Ingle, 408 F.3d at 594 (The law of the case "doctrine has developed to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit.") (internal quotation marks and citation omitted); Thomas, 2008 WL 2233566, at *3 (for important policy reasons, the law of the case doctrine disallows parties from a second bite at the apple).

Chavez v. Yates, No. 1:09-cv-01080-AWI-SKO (PC) (E.D.Cal. Oct. 3, 2013) (ECF No. 41).

Here, rather than move forward with this action based upon the Court's findings in the screening order, Defendants now move to dismiss the complaint based on their reading of Section 3134(a)(11). Specifically, Defendants call Plaintiff's interpretation of the regulation "absurd" and set forth their logic for finding section 3134(a)(11) applicable to incoming packages. Defendants further argue that Plaintiff fails to state a claim because CDCR's

interpretation of the regulation was not plainly erroneous or inconsistent, and/or because prison officials may regulate mail based on weight.

At this stage of the proceeding, Defendants' arguments are not persuasive and do not merit departure from the Court's findings in the February 27, 2013, screening order. While examining the text of the regulation does not necessarily turn this into a motion for summary judgment, it goes far beyond the threshold requirement for a pro se litigant. "[A] pleading challenge following a Section 1915A screening of a prisoner complaint rarely will be successful, especially in light of the requirement that pro se complaints be liberally construed." Treglia v. Kernan, 2013 WL 4427253, * 2 (N.D. Cal. 2013); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir.2010) (even after Supreme Court cases heightened the standards for pleading, the court's obligation remains, where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt) (citations omitted).

The Court also rejects Defendants' arguments related to qualified immunity. Again, at this early stage of litigation, the Court cannot undertake a proper analysis of qualified immunity given the limited set of factual allegations before it.

### IV.     FINDINGS AND RECOMMENDATIONS

Based on the above, the Court HEREBY RECOMMENDS that Defendants' Motion to Dismiss for failure to state a claim, filed on May 24, 2013, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may file a reply to the objections within fourteen (14) days of service of the objections. The parties are advised that failure to file

objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __**October 8, 2013**__          /s/ *Dennis L. Beck*
                                        UNITED STATES MAGISTRATE JUDGE