1
2
3
4
5

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

6
7
8
9

| | |
|---|---|
| HENRY M. MITCHELL, | ) 1:12cv00469 LJO DLB PC |
| | ) |
| Plaintiff, | ) FINDINGS AND RECOMMENDATIONS |
| | ) REGARDING DEFENDANTS' MOTION |
| | ) TO DISMISS |
| vs. | ) |
| | ) (Document 45) |
| CONNIE GIPSON, et al., | ) |
| | ) THIRTY-DAY OBJECTION DEADLINE |
| Defendants. | ) |

Plaintiff Henry M. Mitchell ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 28 U.S.C. § 1983.  On April 3, 2013, the Court found that the complaint stated a claim under the First Amendment against Defendants Seifert and Bolen.

On December 11, 2013, the Court granted Defendants' motion to dismiss the action under the doctrine of qualified immunity.

On February 27, 2015, the Ninth Circuit reversed in part this Court's dismissal to the extent that Plaintiff seeks injunctive and declaratory relief.[1]

The Court ordered Defendants to file a responsive pleading on June 30, 2015.

On July 30, 2015, Defendants filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.  Plaintiff filed his opposition

---

[1] The Ninth Circuit affirmed the decision insofar as Plaintiff sought monetary damages.

on September 8, 2015.  Defendants did not file a reply and the motion is now ready for decision pursuant to Local Rule 230(l).

## A.   ALLEGATIONS IN COMPLAINT

Plaintiff is currently incarcerated at California State Prison, Lancaster. The events occurred while Plaintiff was incarcerated at California State Prison, Corcoran.

Plaintiff alleges that on August 23, 2011, Defendant Bolen sent him a Notification of disapproval, informing him that an incoming package was seized pursuant to California Code of Regulations Title 15, section 3134(a)(11) because it exceeded 16 ounces.  Plaintiff contends that Defendant Seifert gave the authority to disallow the package.  Plaintiff's package was a total of 36 ounces.

Plaintiff proceeded through the inmate appeal process, contending that section 3134(a)(11) "has no relation to a restriction on the weight of an incoming mail/package item." ECF No. 1, at 3.  Plaintiff argued that subdivision (11) is "restrictive only to a mail/package that has more than Forty postage stamps, or a Photo album enclosed within it."  ECF No. 1, at 3. Plaintiff believed that the mailroom was reading the regulation too broadly, contending that it "gives direction for how many stamps are needed to satisfy an outgoing first-class letter sent out by an inmate….The items for enclosure can weight [sic] more than 16 ounces." ECF No. 1, at 3.

During his appeal, Plaintiff also argued that the prohibition of incoming general mail based on a weight limit is unlawful censorship.  Plaintiff's appeal was denied at all levels.  At the Third Level of Review, the Appeals Examiner explained that Plaintiff was unacquainted with institutional security needs, and his claim that there were no potential risks/complications with inmates receiving unrestricted weight in mail was misguided.

Based on these allegations, Plaintiff alleged that his First Amendment right to receive mail was violated.  After the Ninth Circuit's reversal in part of this Court's dismissal, only Plaintiff's claims for prospective relief remain.

**B.**   **LEGAL STANDARD**

The issue of whether a federal court lacks subject-matter jurisdiction may be raised by a party at any state in the litigation.  Arbaugh v. Y & H Corp., 546 U.S. 500, 506-07, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006); see Fed.R.Civ.P. 12(h)(3) ("[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").  "Because ... mootness ... pertain[s] to a federal court's subject-matter jurisdiction under Article III, [mootness is] properly raised in a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1)...." White v. Lee, 227 F.3d 1214, 1242 (9th Cir.2000).

"Rule 12(b)(1) jurisdictional attacks can be either facial or factual." Id.  Facial attacks are based solely on the allegations presented in the complaint. Id.  Factual attacks, like the one presented here, challenge the truth of the allegations based on evidence beyond the complaint. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir.2004).  The court may look beyond the complaint without having to convert the motion into one of summary judgment. White, 227 F.3d at 1242.

"The court need not presume the truthfulness of the plaintiff's allegations" in his complaint, and "[o]nce the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Safe Air, 373 F.3d at 1039 (citations omitted); see also Land v. Dollar, 330 U.S. 731, 735 n. 4, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947) ("[W]hen a question of the District Court's jurisdiction is raised, either by a party or by the court on its own motion, ... the court may inquire, by affidavits or otherwise, into the facts as they exist.").  Nevertheless, all disputes of fact are resolved in favor of the non-movant. Dreier v. United States, 106 F.3d 844, 847 (9th Cir.1996), as amended (Feb. 4, 1997).

**C.**     **DISCUSSION**

Defendants argue that this Court lacks subject matter jurisdiction because Plaintiff's prison transfer renders his claim for prospective relief, the only relief that remains in this action, moot.[2]

A federal court has no authority to issue opinions upon moot issues.  See County of Los Angeles v. Davis, 440 U.S. 625, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979); Aguirre v. S.S. Sohio Intrepid, 801 F.2d 1185 (9th Cir.1986).  When an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions.  Alvarez v. Hill, 667 F.3d 1061, 1063-64 (9th Cir.2012); Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir.2001); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir.1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir.1991).  A prisoner's transfer away from the institution at which the challenged conduct is occurring will generally moot any claims for injunctive relief relating to the prison's policies, unless the suit is certified as a class action.  Dilley, 64 F.3d at 1368; see also Nelson, 271 F.3d at 897; Johnson, 948 F.2d at 519.

The claim is not moot, however, if there is a likelihood of recurrence.  Demery v. Arpaio, 378 F.3d 1020, 1026 (9th Cir.2004) (quotation marks omitted).  The capable-of-repetition-yet-evading-review exception to the mootness doctrine applies when (1) the duration of the challenged action is too short to be litigated prior to cessation, and (2) there is a reasonable expectation that the same party will be subjected to the same offending conduct.  Id. (quotation marks and citations omitted).

Plaintiff filed this action when he was incarcerated at Corcoran State Prison, where the events at issue occurred.  Pursuant to a July 15, 2013, notice of change of address, Plaintiff was transferred to California State Prison, Lancaster at least as of that date.  It therefore appears that

---

[2] In the Ninth Circuit's February 27, 2015, decision remanding this action, the Court noted that it was not clear from the District Court's record if Plaintiff's claims would be were moot.  ECF No. 36, at 2.

the transfer renders his request for relief moot.  Indeed, the two Defendants in this action are employees at Corcoran State Prison, and Plaintiff's allegations relate to their interpretation of a regulation governing incoming mail.  Specifically, Plaintiff argues that "[t]he mailroom is reading the statute too broadly beyond its meaning."  ECF No. 1, at 3.  As Plaintiff is no longer at this institution, he is no longer subject to Defendants' interpretation of the regulation.

To avoid this result, Plaintiff argues that he is entitled to injunctive and declaratory relief "related to a state-wide imposition on incoming personal mail that is unrelated to the penological interest under Turner v. Safley, 428 U.S. 78 (1987)."  ECF No. 48, at 1.  To support his argument that there is a reasonable expectation that he would again be subject to the action of which he complains, he contends that on August 10, 2015, his mail was disallowed at California State Prison, Lancaster, pursuant to the same regulation at issue in this action.

Plaintiff's argument fails for two reasons.  First, Plaintiff argues in this action that Defendants disallowed his package because of its weight.  He contends that section 3134(a)(11) "has no relation to a restriction on the weight of an incoming mail/package item."  ECF No. 1, at 3.  In his appeal related to the August 2015, confiscation, Plaintiff argued that stamps and other items were not prohibited by section 3134.  These are two different arguments, and demonstrate different reasons for the actions under section 3134.

Second, Defendants had nothing to do with the confiscation of items in Plaintiff's mail in August 2015 at Lancaster, and Plaintiff does not allege otherwise.  This Court has no jurisdiction over non-parties to this action.  Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110, 89 S.Ct. 1562 (1969) (emphasis added); S.E.C. v. Ross, 504 F.3d 1130, 1138-39 (9th Cir. 2007).  Moreover, although Plaintiff characterizes the issue as a "state-wide" issue, his contention is unsupported by any evidence.  If Plaintiff wishes to file an action against the individuals at Lancaster, he must file a new action.

Finally, to the extent that Plaintiff suggests that the mootness doctrine does not apply to his claim for declaratory relief, he is incorrect.  Plaintiff argues that he seeks a declaration "of rights consistent with the First Amendment and Uniform Declaratory Judgment Act."  ECF No. 48, at 1.  Any prospective relief, however, whether injunctive or declaratory in nature, requires that an actual case or controversy exist before this Court to invoke its jurisdiction.  28 U.S.C. § 2201(a); <u>Societe de Conditionnement en Aluminium v. Hunter Engineering Co., Inc.</u>, 655 F.2d 938, 942 (9th Cir. 1981).  "A case or controversy exists justifying declaratory relief only when 'the challenged government activity is not contingent, has not evaporated or disappeared, and, by its continuing and brooding presence, casts what may well be a substantial adverse effect on the interests of the petitioning parties.'"  <u>Headwaters, Inc. v. Bureau of Land Management, Medford Dist.</u>, 893 F.2d 1012, 1015 (9th Cir. 1989) (quoting <u>Super Tire Engineering Co. v. McCorkle</u>, 416 U.S. 115, 122 (1974)).

Plaintiff's transfer means that he is no longer subject to Defendants' actions, and therefore, an actual case or controversy no longer exists to warrant relief.  When there no longer "'exists a present controversy as to which effective relief can be granted,'" the request for relief is moot, "preempt[ing] any determination on the merits."  <u>S.E.C. v. Gemstar-TV Guide Int'l, Inc.</u>, 367 F.3d 1087, 1091 (9th Cir. 2004) (quoting <u>Village of Gambell v. Babbitt</u>, 999 F.2d 403, 406 (9th Cir. 1993)).

**D.     FINDINGS AND RECOMMENDATION**

For these reasons, the Court RECOMMENDS that Defendants' motion to dismiss be GRANTED and that this action be DISMISSED WITHOUT PREJUDICE.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendations, the parties may file written objections with the court.  Such a document should be captioned "Objections to Magistrate

Judge's Findings and Recommendations."  A party may file a reply within fourteen (14) days of receiving objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 13, 2015**               /s/ *Dennis L. Beck*
                                              UNITED STATES MAGISTRATE JUDGE